UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Case Number: 19-22669-CIV-MARTINEZ-OTAZO-REYES**

PATRICIA BENAVIDES,

    Plaintiff,

vs.

ANDREW SAUL,
Commissioner for Social Security
Administration,

    Defendant.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Before the Court is Magistrate Judge Alicia M. Otazo-Reyes's Report and Recommendation [ECF No. 30] on Plaintiff Patricia Benavides's Motion for Summary Judgment [ECF No. 22] and Defendant Andrew Saul, Commissioner of Social Security's, Motion for Summary Judgment [ECF No. 24]. The Magistrate Judge recommends that the Court deny Plaintiff's motion, grant the Commissioner's motion, and affirm his decision below. Plaintiff has filed timely objections. [ECF No. 31].

The Court has reviewed the entire file and record, has made a *de novo* review of the issues that Plaintiff's objections present, and is otherwise fully advised in the premises. The Court finds that the issues raised in the objections are already addressed in the well-reasoned report, and the objections are meritless. The Court only adds that *Castro v. Acting Commissioner of Social Security*, 783 F. App'x 948 (11th Cir. 2019), a non-binding case that Plaintiff

relies on but that the Magistrate Judge did not discuss, is inapposite.

In *Castro*, an Eleventh Circuit panel held that the district court erred in affirming the ALJ's finding that a treating physician's opinion regarding the plaintiff's limitations due to depression and anxiety "were inconsistent with his treatment notes stating that [the plaintiff] had good judgment, insight, thought process, and thought content." *Id.* at 956. The panel reasoned that there is a difference between observations in a medical setting and the ability to perform daily work tasks. *Id.* Thus, just based on the treatment notes, the panel could not say that the doctor's "observations of Castro's judgment, insight, thought process, and thought content in a treatment environment absent work stressors were inconsistent with his assessments about the limitations she would face in a day-to-day work environment." *Id.*

Here, however, the ALJ also pointed to "Plaintiff's functioning outside the treatment room." *See Fernandez Rodriguez v. Saul*, No. 18-24554-CIV, 2020 WL 1692105, at *3 (S.D. Fla. Feb. 12, 2020) (distinguishing *Castro*). For instance, the ALJ noted how Plaintiff could "comply with treatment outside of a doctor's office or hospital"; "spend time with others, engage in a romantic relationship, live with others, attend church regularly, and attend small groups at church"; and "perform self-care, drive, and attend health appointments as needed." (R. at 23–24). Notably, Plaintiff does not address those facts in the objections.

In short, after careful consideration, it is:

**ORDERED and ADJUDGED** that

1. The Report and Recommendation [ECF No. 30] is **AFFIRMED** and

**ADOPTED**.

2. Plaintiff's Motion for Summary Judgment [ECF No. 22] is **DENIED**.

3. The Commissioner's Motion for Summary Judgment [ECF No. 24] is **GRANTED** and his decision below **AFFIRMED**.

4. The Clerk shall **CLOSE** this case and **DENY ANY OTHER PENDING MOTIONS AS MOOT**.

DONE AND ORDERED in Chambers at Miami, Florida, this <u>9th</u> day of September, 2020.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Otazo-Reyes
All Counsel of Record